## IN THE UNITED STATES DISTRICT COURT
## OF THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| **JOSHUA PARNELL,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action File No.:** |
| | ) | |
| | ) | _____ |
| **WESTERN SKY FINANCIAL,** | ) | |
| **LLC, d/b/a Western Sky Funding,** | ) | |
| **Western Sky, WesternSky.com;** | ) | **[On removal from the Superior** |
| **MARTIN A. ("Butch") WEBB; &** | ) | **Court of Whitfield County,** |
| **CASHCALL, INC.,** | ) | **Georgia Case No.: 13-CI-1812-J]** |
| | ) | |
| **Defendants.** | ) | |

## <u>NOTICE OF REMOVAL</u>

Defendant CashCall, Inc. ("CashCall")[1] hereby gives notice of its removal

of this action from the Superior Court of Whitfield County, Georgia to this Court

pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 and shows this Honorable

Court the following:

---

[1]     Defendants Western Sky Financial, LLC ("Western Sky") and Martin A.
Webb, neither of whom have been served and both of whom claim they are not
subject to state law or jurisdiction, submit to neither the personal jurisdiction nor
venue of this Court, but they consent to removal of this action, while preserving all
defenses, including lack of service.  *See Russell Corp. v. Am. Home Assur. Co.*,
264 F.3d 1040, 1044 (11th Cir. 2001) (requiring that, in cases involving multiple
defendants, all defendants must consent to removal).

1.

This Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), and this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

2.

In filing this Notice of Removal, CashCall does not waive any defenses that may be available to it, and makes this removal while reserving and giving notice of its election to enforce binding arbitration pursuant to an arbitration provision (and class action waiver provision) of the loan agreement that underlies this dispute.

## GROUNDS FOR REMOVAL

3.

Plaintiff Joshua Parnell ("Parnell" or "Plaintiff") filed a "Complaint for Damages in Class Action," captioned *Parnell v. Western Sky Financial, LLC, d/b/a Western Sky Funding, Western Sky, Western Sky.com; Martin A. ("Butch") Webb; & CashCall, Inc.*, Case No. 13-CI-1812-J ("Complaint"), in the Superior Court of Whitfield County, Georgia on December 6, 2013.   He served the related summons on CashCall on January 13, 2014.

4.

Plaintiff's suit arises from a short-term installment loan he was issued by Western Sky.  (*Id*. ¶¶ 55-62, 76.)  Plaintiff purports to assert a single claim for violation of the Georgia Payday Lending Act, O.C.G.A. § 16-17-1 *et seq*. ("GPLA"), on behalf of himself and a class of Georgia residents who were issued Western Sky loans.  (Compl. ¶¶ 81-102.)

5.

Plaintiff is a citizen of Georgia.  (*Id*. ¶ 7.)  Plaintiff broadly defines the purported plaintiff class that he seeks to represent, and for which he seeks damages, to include "[a]ll persons, while residing in the State of Georgia, with whom Defendants Western Sky Financial, LLC, CashCall, Inc. and/or Martin A. 'Butch' Webb entered into loan agreements and/or loaned funds and/or received payments from said Georgia residents."  (*Id*. ¶ 64.)  Plaintiff alleges, on information and belief, that the putative class consists of more than "one hundred residents of the State of Georgia."  (*Id*. ¶ 70.)

6.

No defendant is a citizen of Georgia.  The Complaint alleges that Western Sky and Mr. Webb are citizens of South Dakota.  (*Id*. ¶¶ 8, 14.)  The Complaint alleges CashCall to maintain its principal place of business in California.  (*Id*. ¶ 21;

Declaration of Dan Baren, attached hereto as Exhibit A,  ¶ 3 (hereinafter "Baren Decl.").)

7.

The GPLA caps interest rates on loans of $3,000 or less at 16 percent per year.  O.C.G.A. § 7-4-2(a)(2).  Plaintiff alleges that Defendants issued loans to Georgia residents of $3,000 or less with "annual percentage rates ("APRs") of approximately 140% to 343% and initial fees of $75.00 to $500.00."  (*Id.* ¶ 31; *see also id.* ¶¶ 76, 97.)

8.

The GPLA provides liability of "three times the amount of any interest or other charges to the borrower" and attorneys' fees.  O.C.G.A § 16-17-3.  The Complaint does not allege a specific amount of damages but seeks damages and attorneys' fees under the GPLA, as well as disgorgement of all money collected by CashCall and the other named defendants from Georgia residents, equitable relief, costs, attorneys' fees, pre- and post-judgment interest, and "[s]uch other and further relief as the Court may deem just, necessary, or appropriate."  (Compl. ¶ 1, Prayer for Relief.).

9.

CashCall services loans issued by Western Sky.  (*Id*. ¶ 35.)  In the last quarter alone, CashCall has collected interest payments in excess of $1,666,667 for Western Sky loans issued to borrowers who had Georgia mailing addresses at the time their loans were funded.  (Baren Decl. ¶ 4.)  Should Plaintiff obtain classwide relief under the GPLA, which provides for damages of three times the amount of interest collected, a damages award of at least $5,000,000 would be issued based solely on CashCall's collection of payment on Western Sky loans during the last quarter.

10.

This Court has original diversity subject matter jurisdiction over the claims brought by Plaintiff pursuant to CAFA, 28 U.S.C. § 1332(d)(2), (4), because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, the number of members of the proposed class is greater than 100, and at least one plaintiff is diverse from at least one defendant.

11.

None of the express statutory exceptions to federal jurisdiction granted under CAFA apply to this case:

a. The "local controversy" exception cannot be met because no "significant defendant" or "primary defendant"—let alone any defendant—is a citizen of Georgia.  28 U.S.C. § 1332(d)(4)(A)-(B).

b. The "discretionary" exception also cannot be met because no defendant is a citizen of Georgia.  28 U.S.C. § 1332(d)(3).

## OTHER PROCEDURAL REQUIREMENTS

### 12.

Plaintiff served the summons on CashCall on January 13, 2014.   In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed within 30 days of service of the summons and complaint upon CashCall.

### 13.

CashCall removes this action to the United States District Court for the Northern District of Georgia, Rome Division, which is the judicial district and division in which the action currently is pending.

### 14.

A Removal Notice, together with a copy of this Notice, shall be filed with the Clerk of Superior Court of Whitfield County, Georgia, and shall be served on counsel for Plaintiff.

15.

No motions in this action are pending in the State court.

16.

Pursuant to 28 U.S.C. § 1446(a),  CashCall attaches to this Notice as Exhibit B, and incorporates by reference, copies of all process, pleadings, and orders served upon it in this action, including the Complaint.

WHEREFORE,  CashCall hereby removes this case from the Superior Court of Whitfield County, Georgia to the United States District Court for the Northern District of Georgia, Rome Division.

Respectfully submitted this 12th day of February, 2014.

**PARKER HUDSON RAINER & DOBBS LLP**

By: _/s/ William J. Holley, II_
    William J. Holley, II
    Georgia Bar No. 362310
    Nancy H. Baughan
    Georgia Bar No. 042575
    Erin M. Moore
    Georgia Bar No. 590819

1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
Telephone: (404) 523-5300
Facsimile: (404) 522-8409

**JENNER & BLOCK LLP**
Neil M. Barofsky
*Pro hac vice forthcoming*
Katya Jestin
*Pro hac vice forthcoming*
Brian J. Fischer
*Pro hac vice forthcoming*

919 Third Avenue
New York, NY  10022-3908
Phone:  212-891-1600
Fax:  212-909-0608

*Counsel for Defendant CashCall, Inc.*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1</u>

I hereby certify that the foregoing **NOTICE OF REMOVAL** was prepared with Times New Roman (14 point) type, with a top margin of one and one-half (1 ½) inches and a left margin of one (1) inch.


*/s/ William J. Holley, II*
William J. Holley, II

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this day, I served true and correct copies of the foregoing **NOTICE OF REMOVAL** by sending the same via U.S. First Class Mail addressed as follows:

James W. Hurt, Jr.
Hurt Stolz, P.C.
345 W. Hancock Ave.
Athens, Georgia 30601

Christopher N. Armor
Armor Law, LLC
303 Perimeter Center North
Suite 300
Atlanta, Georgia 30346

This 12th day of February, 2014.

*/s/ William J. Holley, II*
William J. Holley, II